Gen. 179]                                                                    179

**FAMILY LAW – ADOPTION – COURTS AND JUDGES – DISCLOSURE OF INFORMATION OBTAINED BY COURT'S INVESTIGATIVE UNIT**

March 9, 1994

*The Honorable Paul H. Weinstein*
*County Administrative Judge*

You have requested our opinion on the confidentiality of information obtained by the court's investigative unit pursuant to Maryland Rule D75b. Specifically, you have asked what information a court may order disclosed to local, state, or federal agencies when the court's investigative unit determines that fraud may have been perpetrated upon the court before or after finalization of an adoption.

For the reasons stated below, we conclude that the court has discretion in determining what information it will order released to government officials under the circumstances. To give effect to the intent and purpose of State and federal confidentiality provisions, however, the court should carefully balance its interest in disclosing information against the privacy interest of the individuals involved and limit the disclosure of information to that necessary to accomplish the court's objectives.

**I**

**Legal Framework**

Maryland Rule D75b provides that:

> The court shall order an investigation of the facts of [an adoption or guardianship] case if the proceeding is contested and may order an investigation if the proceeding is uncontested. The court may designate any person or agency to conduct such investigation, and the person or agency shall report to the court in writing the findings and,

> if requested by the court, the recommendation
> of the person or agency.

These records would become part of the court's records of the guardianship or adoption.  As such, these records are subject to certain confidentiality requirements.  Most specifically, Maryland Rule D80c provides that "[t]he pleadings and other records of proceedings for adoption and guardianship shall be sealed when they are filed, and are not open to inspection by any person ... except upon an order of the court."

Other confidentiality requirements apply to adoption-related records generally.  In a recent opinion, 79 *Opinions of the Attorney General* 160 (1994), we reviewed these requirements in detail. Briefly, the Maryland Public Information Act ("PIA") provides that, "[u]nless otherwise provided by law  ... [a] custodian shall deny inspection of public records that relate to the adoption of an individual." *See* §10-616 of the State Government ("SG") Article, Maryland Code.  §10-616(b).  SG §§10-626 and 10-627 subject anyone who willfully and knowingly permits inspection of such records to civil and criminal liability.

Further, as a condition to the State's receiving federal money to administer a subsidized foster care and subsidized adoption program under Title IV-E of the Social Security Act, federal law requires that the State provide safeguards restricting the use or disclosure of information concerning individuals assisted under those programs to purposes directly connected with those programs. 42 U.S.C. §671(a)(8); 45 C.F.R. §§205.50(a)(1)(i) and 1355(l). Federal regulations require that this same policy of confidentiality be applied to requests for information from any governmental authority or the courts.  45 C.F.R. §205.50(a)(2)(v).  They also require that:

> In the event of the issuance of a subpoena for the case record or for any agency representative to testify concerning an applicant or recipient, the court's attention is called, through proper channels to the statutory provisions and the policies or rules and regulations against disclosure of information.

45 C.F.R. §205.50(a)(2)(iv).

To implement these federal requirements and other similar requirements in other titles of the Social Security Act, the General Assembly enacted Article 88A, §6(a) of the Maryland Code. This statute provides that, except under court order or to a State or federal employee when necessary for the administration of public assistance, medical assistance, or social services, it is unlawful for any State employee to "divulge or make known in any manner any information concerning any applicant for or recipient of social services [or] child welfare services ... directly or indirectly derived from the records, papers, files, investigations or communications of [State or county agencies]." Anyone who violates this provision is subject to criminal liability. Article 88A, §6(e).

Finally, §5-329 of the Family Law Article, Maryland Code, authorizes a court to order disclosure of nonidentifying medical information from adoption records upon request from an adoptee. In the context of such a request, however, the statute specifically prohibits the court from disclosing identifying information. *See generally* 79 *Opinions of the Attorney General* at 165-67.

# II

## Disclosure Under Court Order

Neither Maryland nor federal law bars the disclosure of information obtained by court investigators if the court orders the disclosure. Both Rule D80 and Article 88A, §6 specifically provide an exception to confidentiality requirements for disclosures under court order. Nor would court-ordered disclosure violate the provisions of the PIA, because that statute allows disclosure of adoption records if "otherwise provided by law." Article 88A, §6 is such a provision.

In addition, to the extent that the court contemplates disclosing information to a local department of social services or the Department of Human Resources ("DHR") for purposes directly connected with the State's administration of the foster care or adoption subsidy program, neither Maryland nor federal law imposes any restrictions. 42 U.S.C. §671(a)(8); 45 C.F.R. §§205.50(a)(1)(i) and 1355(l). For example, if investigators learned that a DHR-licensed child placement agency were providing fraudulent information in a home study in order to satisfy the requirements of

a foreign country, the court could refer this information to DHR's Social Services Administration for use in licensing. The licensing of child placement agencies is a purpose connected with the State's administration of its foster care and adoption programs.[1] In addition, federal law specifically permits disclosure of information for purposes of "[a]ny investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of [the foster care or adoption subsidy] program." 45 C.F.R. §205.50(a)(1)(i)(B).

More generally, we do not read the federal regulations as prohibiting a court from ordering disclosure under other circumstances. The only specific provision addressing court-ordered disclosures, 45 C.F.R. §205.50(a)(2)(iv), merely requires that the court's attention be drawn to the confidentiality requirements; the regulation does not purport to limit the authority of the court.[2]

Thus, Maryland and federal law do not prohibit the court from ordering records in its possession disclosed. That said, however, the more critical question is the extent to which the law imposes restrictions on the nature and amount of information the court orders disclosed. As the Court of Appeals noted in *Baltimore City Department of Social Services v. Stein*, 328 Md. 1, 24, 612 A.2d 880 (1992), "while permitting disclosure via court order, [Article 88A, §6] provides precious little guidance as to when a court order should issue."

---

[1] Because disclosure should be limited to that purpose, however, the court should consider whether disclosure of the name of the adopting party, the birth parents, or the child is necessary.

[2] This regulation speaks of disclosure in response to subpoenas, but its import – that a court is to be made aware of confidentiality strictures but is not bound by them – applies more broadly. That is, this regulation would have been unnecessary if other portions of the regulations mandating confidentiality were intended to be applicable to the courts.

Although the statute is silent as to the standards a court ought to apply in considering disclosure, the Court of Appeals pointed out in *Stein* that Article 88A, §6 "was never intended to be a vehicle to permit the willy-nilly disclosure of the very records the Legislature sought to keep confidential." 328 Md. at 24 (internal quotation and citations omitted). Considering the "'purpose, aim, [and] policy'" of Article 88A, §6, the statute should be construed to impose some restrictions. *See Blaine v. Blaine*, 97 Md. App. 689, 699, 632 A.2d 191 (1993) (quoting *Baltimore City C.A.U.T. v. Baltimore City,* 321 Md. 184, 203, 582 A.2d 510 (1990)).

First, to the extent that the court contemplates disclosure for purposes other than the administration of the State's foster care and adoption programs, the court must weigh the privacy interests reflected in the statute against the interests of the court in ordering disclosure. This balancing has been frequently applied in weighing the interests of civil and criminal defendants in obtaining confidential government records. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) (denying criminal defendant opportunity to discover unspecified exculpatory information in social service investigative records); *Zaal v. State*, 326 Md. 54, 602 A.2d 1247 (1992) (applying balancing test in deciding what confidential educational records to release to criminal defendant); *State v. Runge*, 317 Md. 613, 566 A.2d 88 (1989) (allowing limited disclosure of social service records concerning child abuse to criminal defendant charged with child abuse); *Freed v. Worcester County*, 69 Md.App. 447, 454, 518 A.2d 159 (refusing disclosure of social service records to parents accused of child abuse). This balancing is equally appropriate where the court must assess its interest in disclosing information to prevent fraud, on the one hand, and the privacy interests of the individuals involved in adoption and guardianship proceedings, on the other.

We suggest that the court borrow a test used by the Court of Special Appeals in assessing disclosure of patient records to a State board charged with investigating alleged physician misconduct. *Dr. K. v. State Board of Physician Quality Assurance*, 98 Md. App. 103, 632 A.2d 453 (1993). Under that test, the court would weigh the type of record and information it contemplates disclosing; the potential for harm to the parties or their relationship from disclosure; the adequacy of safeguards to prevent redisclosure; the potential harm in subsequent nonconsensual disclosure; the government's

need for access; and whether any express statutory mandate, public policy or other interest argues for disclosure. *Dr. K*., 98 Md. App. at 115. Relevant to this assessment, under the facts you present, is the State's significant interest in preventing fraud.

Second, consistent with the policy in State and federal confidentiality law, the court should lean towards the most limited disclosure necessary to accomplish its purpose. Under this approach, whenever possible the court should omit from the disclosed material any reference to the name of the adoptee, birth parents, and adoptive parents.

Finally, to the extent that court investigators, as State employees, are involved in reporting information to the court for potential disclosure, these employees are also bound by federal requirements to advise the court of "the statutory provisions and the policies or rules and regulations against disclosure of information."[3] If any party to the proceeding is an applicant or recipient of services from a local department of social services, then the investigator must request that the court not disclose any information revealing the identity of such applicant or recipient. 45 C.F.R. §205.50(a)(2)(iv); Article 88A, §6.[4]

## III

### Conclusion

In summary, our opinion is that the court may order disclosure of information reported to it by its investigators to other government authorities. To the extent that disclosure is not connected with the State's administration of its foster care and adoption programs, however, the court should weigh its interest in disclosure against the

---

[3] In some jurisdictions, we understand that courts call upon local departments of social services to perform the investigations. The principles we articulate would apply regardless of what State personnel performed the investigation.

[4] If court investigators come into possession of information relating to child abuse and neglect, then the court must, additionally, be mindful of the provisions of Article 88A, §6(b) and 45 C.F.R. §§1340.14(i)(1)-(3).

privacy interests of the parties. In all cases, the court should limit disclosure to that information necessary to serve its interest.

J. Joseph Curran, Jr.
*Attorney General*

Sandra Barnes
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*


***Editor's Note:***

The Maryland Rules discussed in this opinion have been rescinded and reissued as Rules 9-106(b) and 9-112(b).